**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**NORTHERN DIVISION**

In re: HUBBARD-DAVIS, BETTY JEAN  §  Case No. 07-12451
 §
 § Hon. Susan Pierson Sonderby
Debtor  §

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on July 12, 2007. The undersigned trustee was appointed on July 12, 2007.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of      $       44,804.98

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 12,819.58 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1] | $      31,985.40 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (9/1/2009)**

6. The deadline for filing claims in this case was 02/13/2008. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $5,013.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $5,013.00, for a total compensation of $5,013.00. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/10/2009          By:/s/LOUIS W. LEVIT
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 07-12451  
**Case Name:** HUBBARD-DAVIS, BETTY JEAN  

**Period Ending:** 11/10/09

**Trustee:** (330450) LOUIS W. LEVIT  
**Filed (f) or Converted (c):** 07/12/07 (f)  
**§341(a) Meeting Date:** 08/09/07  
**Claims Bar Date:** 02/13/08

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | 1035 E. 90th St., Chicago, IL — House destroyed in fire | 5,000.00 | 0.00 | | 0.00 | FA |
| 2 | Checking Account | 1,000.00 | 0.00 | | 0.00 | FA |
| 3 | Savings Account | 625.00 | 0.00 | | 0.00 | FA |
| 4 | Household Goods and furnishings | 1,000.00 | 0.00 | | 0.00 | FA |
| 5 | Books, CDs, Tapes, Pictures | 50.00 | 0.00 | | 0.00 | FA |
| 6 | Wearing Apparel | 200.00 | 0.00 | | 0.00 | FA |
| 7 | Jewelry | 25.00 | 0.00 | | 0.00 | FA |
| 8 | IRA | 181,000.00 | 0.00 | | 0.00 | FA |
| 9 | Stock Account — Stock account with Edward Jones allegedly owned jointly with Debtor's son | 10,251.00 | 10,251.00 | | 19,769.15 | FA |
| 10 | Class action lawsuit against Edward Jones — Lawsuit filed for breach of fiduciary duty | Unknown | 0.00 | | 0.00 | FA |
| 11 | 1998 Nissan Altima | 1,830.00 | 0.00 | | 0.00 | FA |
| 12 | Claim against insurance company for denied claim | 0.00 | 0.00 | | 25,000.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 35.83 | Unknown |
| 13 | Assets   Totals (Excluding unknown values) | **$200,981.00** | **$10,251.00** | | **$44,804.98** | **$0.00** |

**Major Activities Affecting Case Closing:**

Trustee recovered funds from Debtor's stock account on January 25, 2008; Trustee is investigating additional assets for recovery; Trustee recieved court authortity to conduct a 2004 examination of insurance company that denied claim to Debtor for house fire; claim bar date is fixed as February 13, 2008

**Initial Projected Date Of Final Report (TFR):**   September 30, 2008        **Current Projected Date Of Final Report (TFR):**   September 30, 2008

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 07-12451  
**Case Name:** HUBBARD-DAVIS, BETTY JEAN  

**Taxpayer ID #:** 13-7586595  
**Period Ending:** 11/10/09  

**Trustee:** LOUIS W. LEVIT (330450)  
**Bank Name:** JPMORGAN CHASE BANK, N.A.  
**Account:** \*\*\*-\*\*\*\*\*19-65 - Money Market Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 01/25/08 | {9} | Edward Jones Investing | Close of Account 890-07843 | 1130-000 | 19,769.15 | | 19,769.15 |
| 01/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.3000% | 1270-000 | 0.48 | | 19,769.63 |
| 02/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.2500% | 1270-000 | 4.05 | | 19,773.68 |
| 03/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1700% | 1270-000 | 3.67 | | 19,777.35 |
| 04/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1700% | 1270-000 | 2.75 | | 19,780.10 |
| 05/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 2.47 | | 19,782.57 |
| 06/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 2.51 | | 19,785.08 |
| 07/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 2.51 | | 19,787.59 |
| 08/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest Posting | 1270-000 | 2.35 | | 19,789.94 |
| 09/04/08 | 1001 | Veritext Chicago Reporting Co. | Court reporting expense<br>Voided on 07/16/09 | 2690-000 | | ! 23.25 | 19,766.69 |
| 09/04/08 | 1002 | Veritext Chicago Reporting Co. | court reporting expense | 2690-000 | | ! 236.25 | 19,530.44 |
| 09/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest Posted | 1270-000 | 2.59 | | 19,533.03 |
| 10/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest Posted | 1270-000 | 2.15 | | 19,535.18 |
| 11/04/08 | 1003 | Wolin, Kelter & Rosen, Ltd. | Retainer per order | 3210-600 | | ! 3,000.00 | 16,535.18 |
| 11/28/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1000% | 1270-000 | 1.41 | | 16,536.59 |
| 12/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 1.17 | | 16,537.76 |
| 01/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.67 | | 16,538.43 |
| 02/27/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.63 | | 16,539.06 |
| 03/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.72 | | 16,539.78 |
| 04/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.67 | | 16,540.45 |
| 05/29/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.65 | | 16,541.10 |
| 06/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.72 | | 16,541.82 |
| 07/16/09 | 1001 | Veritext Chicago Reporting Co. | Court reporting expense<br>Voided: check issued on 09/04/08 | 2690-000 | | ! -23.25 | 16,565.07 |
| 07/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.69 | | 16,565.76 |
| 08/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.69 | | 16,566.45 |
| 09/18/09 | {12} | Allstate | | 1129-000 | 25,000.00 | | 41,566.45 |
| 09/24/09 | 1004 | Wolin Kelter & Rosen, Ltd. | | 3220-610 | | 1,250.00 | 40,316.45 |
| 09/24/09 | 1005 | Wolin Kelter & Rosen, Ltd. | | 3210-600 | | 8,333.33 | 31,983.12 |
| 09/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.98 | | 31,984.10 |
| 10/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 1.30 | | 31,985.40 |
| | | | **ACCOUNT TOTALS** | | 44,804.98 | 12,819.58 | **$31,985.40** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 44,804.98 | 12,819.58 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$44,804.98** | **$12,819.58** | |

{} Asset reference(s)     !-Not printed or not transmitted     Printed: 11/10/2009 12:53 PM     V.11.53

Case 07-12451    Doc 46    Filed 11/25/09    Entered 11/25/09 09:55:17    Desc Main
Document    Page 5 of 11

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

| Case Number: | 07-12451 | | Trustee: | LOUIS W. LEVIT (330450) |
|---|---|---|---|---|
| Case Name: | HUBBARD-DAVIS, BETTY JEAN | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | \*\*\*-\*\*\*\*\*19-65 - Money Market Account |
| Taxpayer ID #: | 13-7586595 | | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 11/10/09 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|

| | | | | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|---|---|---|
| | | TOTAL - ALL ACCOUNTS | | | | |
| | | **MMA # \*\*\*-\*\*\*\*\*19-65** | | **44,804.98** | **12,819.58** | **31,985.40** |
| | | | | $44,804.98 | $12,819.58 | $31,985.40 |

Printed: 11/24/09 05:59 PM            **Claims Distribution Register**            Page: 1

## Case: 07-12451   HUBBARD-DAVIS, BETTY JEAN

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---:|---:|---:|---:|---:|
| **Secured Claims:** | | | | | | | | |
| COOWNER | 07/12/07 | 100 | Patrick Davis<br><4210-00   Pers. Prop. & Intangibles--Consensual Liens (UCC, chattel, PMSI)><br>Co-owner of Edward Jones stock account | 9,588.07 | 9,588.07 | 0.00 | 9,588.07 | 9,588.07 |
| EXEMPTIO | 07/12/07 | 100 | Betty Jean Hubbard-Davis<br><8100-00   Exemptions> | 2,175.00 | 2,175.00 | 0.00 | 2,175.00 | 2,175.00 |
| NOTFILED | 07/12/07 | 100 | ABN Amro Mortgage Group<br><4110-00   Real Estate--Consensual Liens (mortgages, deeds of trust, PMSI)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 100 | City of Chicago Dept. of Water<br><4120-00   Real Estate--Non-consensual Liens (judgments, mechanics liens)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | **Total for Priority 100:   100% Paid** | **$11,763.07** | **$11,763.07** | **$0.00** | **$11,763.07** | **$11,763.07** |
| | | | **Total for Secured Claims:** | **$11,763.07** | **$11,763.07** | **$0.00** | **$11,763.07** | **$11,763.07** |
| **Admin Ch. 7 Claims:** | | | | | | | | |
| | 07/12/07 | 200 | Wolin Kelter & Rosen, Ltd.<br>55 W. Monroe St., Suite 3600<br>Chicago, IL 60603<br><3210-60   Special Counsel for Trustee Fees> | 8,333.33 | 8,333.33 | 8,333.33 | 0.00 | 0.00 |
| | 07/12/07 | 200 | Wolin Kelter & Rosen, Ltd.<br>55 W. Monroe St., Suite 3600<br>Chicago, IL 60603<br><3220-61   Special Counsel for Trustee Expenses> | 1,250.00 | 1,250.00 | 1,250.00 | 0.00 | 0.00 |
| | 07/12/07 | 200 | DiMonte & Lizak LLC<br><3220-00   Attorney for Trustee Expenses (Other Firm)> | 127.05 | 127.05 | 0.00 | 127.05 | 127.05 |
| | 07/12/07 | 200 | Clerk of the U.S. Bankruptcy Clerk<br>219 South Dearborn Street<br>Room # 702<br>Chicago, IL 60604-0000<br><2700-00   Clerk of the Court Costs (includes adversary and other filing fees)> | 250.00 | 250.00 | 0.00 | 250.00 | 250.00 |
| | 07/12/07 | 200 | Alan D. Lasko & Associates, P.C.<br><3410-00   Accountant for Trustee Fees (Other Firm)> | 1,295.00 | 1,295.00 | 0.00 | 1,295.00 | 1,295.00 |
| | 07/12/07 | 200 | Alan D. Lasko & Associates, P.C.<br><3420-00   Accountant for Trustee Expenses (Other Firm)> | 42.05 | 42.05 | 0.00 | 42.05 | 42.05 |
| | | | **Total for Priority 200:   100% Paid** | **$11,297.43** | **$11,297.43** | **$9,583.33** | **$1,714.10** | **$1,714.10** |
| | 07/12/07 | 300 | DiMonte & Lizak LLC<br><3210-00   Attorney for Trustee Fees (Other Firm)><br>Trustee's general counsel vountarily agrees to subordinate its claim for fees so that timely filed general unsecured claimants receive a 20% distribution of their claims; and the administrative claim for fees/expenses of Trustee's accountant and general counsel's claim for expenses are paid in full. | 33,182.50 | 33,182.50 | 0.00 | 33,182.50 | 14,616.32 |

Printed: 11/24/09 05:59 PM

# Claims Distribution Register

Page: 2

## Case: 07-12451   HUBBARD-DAVIS, BETTY JEAN

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---:|---:|---:|---:|---:|
| | 07/12/07 | 300 | Louis W. Levit, Trustee<br><2100-00   Trustee Compensation><br>Trustee vountarily agrees to subordinate his claim so that timely filed general unsecured claimants receive a 20% distribution of their claims; Trustee's accountant is paid in full for fees/expenses requested and Trustee's attorney's expenses are paid in full. | 5,013.00 | 5,013.00 | 0.00 | 5,013.00 | 2,208.14 |
| | | | **Total for Priority 300:   44.04828% Paid** | **$38,195.50** | **$38,195.50** | **$0.00** | **$38,195.50** | **$16,824.46** |
| | | | **Total for Admin Ch. 7 Claims:** | **$49,492.93** | **$49,492.93** | **$9,583.33** | **$39,909.60** | **$18,538.56** |

**Unsecured Claims:**

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---:|---:|---:|---:|---:|
| 1 | 11/21/07 | 100 | Discover Bank/DFS Services LLC<br>PO Box 3025<br>New Albany, OH 43054-3025<br><7100-00   General Unsecured § 726(a)(2)><br>Trustee and Trustee's general counsel have agreed voluntarily to subordinate their fees in order to provide a 20% distribution to timely filed general unsecured claims.   Accordingly, the allowed amount of this timely filed claim has been fixed at 20% of the filed amount. | 440.82 | 88.16 | 0.00 | 88.16 | 88.16 |
| 2 | 11/26/07 | 100 | Chase Bank USA<br>c o Weinstein and Riley, PS<br>po box 3978<br>seattle, WA 98124-3978<br><7100-00   General Unsecured § 726(a)(2)><br>Trustee and Trustee's general counsel have agreed voluntarily to subordinate their fees in order to provide a 20% distribution to timely filed general unsecured claims.   Accordingly, the allowed amount of this timely filed claim has been fixed at 20% of the filed amount. | 7,556.16 | 1,511.23 | 0.00 | 1,511.23 | 1,511.23 |
| 3 | 11/26/07 | 100 | Trinity Hospital<br>Bankruptcy Department<br>2320 East 93rd St.<br>Chicago, IL 60617<br><7100-00   General Unsecured § 726(a)(2)><br>Trustee and Trustee's general counsel have agreed voluntarily to subordinate their fees in order to provide a 20% distribution to timely filed general unsecured claims.   Accordingly, the allowed amount of this timely filed claim has been fixed at 20% of the filed amount. | 421.89 | 84.38 | 0.00 | 84.38 | 84.38 |
| | | | **Total for Priority 100:   100% Paid** | **$8,418.87** | **$1,683.77** | **$0.00** | **$1,683.77** | **$1,683.77** |
| NOTFILED | 07/12/07 | 610 | ADT Security Services<br><7100-00   General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | Allstate Insurance<br><7100-00   General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | Chicago Imaging Assoc.<br><7100-00   General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | City of Chicago-EMS<br><7100-00   General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | Dr. William Jennings<br><7100-00   General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Printed: 11/24/09 05:59 PM  **Claims Distribution Register**  Page: 3

### Case: 07-12451   HUBBARD-DAVIS, BETTY JEAN

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---:|---:|---:|---:|---:|
| NOTFILED | 07/12/07 | 610 | EMU Chicago Fire Ambulance<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | JC Penney<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | Life Insurance Co. of No. America<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | MCI Worldcome<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | T-Mobile<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | Trinity Hospital<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | US Small Business Admin<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | Verizon Wireless<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | 07/12/07 | 610 | WOW Telephone<br><7100-00  General Unsecured § 726(a)(2)> | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | **Total for Priority 610:   0% Paid** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| | | | **Total for Unsecured Claims:** | **$8,418.87** | **$1,683.77** | **$0.00** | **$1,683.77** | **$1,683.77** |
| | | | **Total for Case :** | **$69,674.87** | **$62,939.77** | **$9,583.33** | **$53,356.44** | **$31,985.40** |

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 07-12451
Case Name: HUBBARD-DAVIS, BETTY JEAN
Trustee Name: LOUIS W. LEVIT

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| Patrick Davis  co-owner of Stock account | $ 9,588.07 |
| Betty Jean Hubbard-Davis, exemption | $ 2,175.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | Louis W. Levit, Trustee * | $ 5,013.00 | $ |
| Attorney for trustee | DiMonte & Lizak LLC * | $ 33,182.50 | $ 127.05 |
| Appraiser | | $ | $ |
| Auctioneer | | $ | $ |
| Accountant | Alan D. Lasko & Associates, P.C. | $ 1,295.00 | $ 42.05 |
| Special Attorney for trustee | | $ | $ |
| Charges, | U.S. Bankruptcy Court | $ 250.00 | $ |
| Fees, | United States Trustee | $ | $ |
| Other | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|

\* Trustee and Trustee's attorneys voluntarily agree to subordinate their claims for fees to the claims of Trustee's accountant fees/expenses, Trustee's attorney claim for expenses, Clerk fees, and 20% of the timely filed general unsecured claims

**UST Form 101-7-TFR (9/1/2009)**

*Attorney for debtor* _____ $_____ $_____
*Attorney for* _____ $_____ $_____
*Accountant for* _____ $_____ $_____
*Appraiser for* _____ $_____ $_____
*Other* _____ $_____ $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $8,418.87 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. ** The timely allowed general (unsecured) dividend is anticipated to be 20.0 percent, as stated above.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | Discover Bank/DFS Services LLC | $ 440.82 | $ 88.16 |
| 2 | Chase Bank USA | $ 7,556.16 | $ 1,511.23 |
| 3 | Trinity Hospital | $ 421.89 | $ 84.38 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|

**Subject to the voluntary subordination of the claims for fees by Trustee and Trustee's attorneys, as stated herein.

**UST Form 101-7-TFR (9/1/2009)**

N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant                            Allowed Amt. of Claim    Proposed Payment*

N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (9/1/2009)**